IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRI GRIFFITHS,<br><br>    Plaintiff,<br><br>v.<br><br>LORIN EGGEMEYER and SANDRA EGGEMEYER,<br><br>    Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>WINDY HILL PLUMBING and PIPEFITTING, INC., KEVIN THIES, and MICHELLE THIES,<br><br>    Third-Party Defendants. | Case No. 3:21-cv-01747-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss Counts I and IV of the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants, Lorin Eggemeyer and Sandra Eggemeyer, (collectively "the Eggemeyers") (Doc. 15). For the reasons set forth below, the Court GRANTS the Motion to Dismiss.

### BACKGROUND

On March 3, 2022, plaintiff Terri Griffiths ("Griffiths") filed her *pro se* first amended complaint against the Eggemeyers, in the Southern District of Illinois (Doc. 10). In Griffith's first amended complaint, she asserts causes of action for breach of

contract (Count I), breach of warranty (Count II), accounting (Count III), and property damage (Count IV) (*Id.*).

On March 25, 2022, the Eggemeyers filed their motion to dismiss, along with a memorandum of law in support thereof (Doc. 15). On May 16, 2022, Griffiths filed a response in opposition to the motion to dismiss (Doc. 31).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is not intended to decide the merits of the case; rather, its purpose is to test the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in plaintiff's complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 617 (7th Cir. 2007).

Plaintiff was and is *pro se*. Courts generally construe *pro se* claims generously, accepting as true the factual allegations and liberally construing them in plaintiff's favor. *Buechel v. United States*, 746 F.3d 753, 760 (7th Cir. 2014); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are not enough, and the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). "Plausibility" is not synonymous with "probability," yet there needs to be more than a sheer possibility that the defendant acted unlawfully. *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). A plaintiff must give sufficient detail

"about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

## ANALYSIS

As set forth infra, the first amended complaint asserts four separate claims. The Eggemeyers' motion seeks dismissal of the breach of contract and property damage claims for failure to state a claim. First, this Court will address the breach of contract claim, then this Court will address the property damage claim.

### I.     Count I - Breach of Contract

Count I of the amended complaint asserts breach of contract claims against the Eggemeyers (Doc. 10). Griffiths asserts that the Eggemeyers breached this contract by failing to timely complete the subject residence (*Id.*). Specifically, Griffiths claims that she entered into an oral contract with the Eggemeyers[1] to purchase approximately 21 acres of land and to build a home on the lot (*Id.*). However, Griffiths does not identify any written document(s) nor does she not attach any exhibits that form the basis of her breach of contract claim.

#### A. Law

In Illinois, the elements for breach of contract are: (1) the existence of a valid and enforceable contract; (2) substantial performance by plaintiff; (3) a breach by defendant; and, (4) damages that resulted from the breach. *Sevugan v. Direct Energy Servs.*, 931 F.3d 610, 614 (7th Cir. 2019). Oral agreements are an enforceable contract if there is (1) an offer, (2) an acceptance, and (3) a meeting of the minds as to the

---

[1] Lorin Eggemeyer and Sandra Eggemeyer d/b/a Eggemeyer Construction

terms of the agreement. *Toll Processing Services, LLC v. Kastalon, Inc.*, 880 F.3d 820, 829 (7th Cir. 2018); citing *Bruzas v. Richardson*, 945 N.E.2d 1208, 1215 (Ill. App. Ct. 2011). To be enforceable, an oral agreement's material terms must be "definite and certain". *Bruzas*, 945 N.E.2d at 1215; citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (Ill. 1987). A contract is "definite and certain" if the court can ascertain what the parties agreed to by using the proper rules of construction and applicable principles of equity. *Midland Hotel Corp.*, 515 N.E.2d at 65.

### B. Discussion

There are two issues that this Court will address regarding Griffiths' breach of contract claim. First, this Court will address the issue about the existence of a valid contract, specifically the lack of a "meeting of the minds". Second, this Court will address the potential Statute of Frauds issue.

#### i. Meeting of the Minds

Here, Griffiths claims that the Eggemeyers breached their oral contract by failing to "timely complete the home" on the purchased land. (Doc. 10, ¶ 3.) The defendants moved to dismiss Griffiths' claim for breach of contract because the amended complaint "wholly fails" to cite the material terms of the contract, or to specify which terms were breached. (Doc. 15, ¶ 12.)

Oral agreements are an enforceable contract if there is (1) an offer, (2) an acceptance, and (3) a meeting of the minds as to the terms of the agreement. *Toll Processing Services, LLC v. Kastalon, Inc.*, 880 F.3d 820, 829 (7th Cir. 2018); citing

*Bruzas v. Richardson*, 945 N.E.2d 1208, 1215 (Ill. App. Ct. 2011). To be enforceable, an oral agreement's material terms must be "definite and certain". *Bruzas*, 945 N.E.2d at 1215; citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (Ill. 1987). A contract is "definite and certain" if the court can ascertain what the parties agreed to by using the proper rules of construction and applicable principles of equity. *Midland Hotel Corp.*, 515 N.E.2d at 65.

Griffiths alleges that she purchased 19.2 acres from the Eggemeyers for $120,000 (Doc. 10, ¶ 6). The purpose of Griffiths purchasing the land from the Eggemeyers was to provide a house for Griffiths' mother (Doc. 10, ¶ 9.) Griffiths further alleges that she purchased another 1.8 acres from the Eggemeyers, and that the sale was predicated on hiring Eggemeyer Construction to "build the subject residence." (*Id.* at ¶¶ 6-7). However, it is unclear if the entire land purchase hinged on hiring Eggemeyer Construction or just the purchase of the additional 1.8 acres.

Griffiths hired Eggemeyer Construction under a labor and materials agreement (*Id.* at ¶ 10). A labor and materials agreement, or time and materials ("T&M") agreement, usually specifies the scope of a project but remains open ended. The T&M agreement sets out an hourly rate for the contractor and requires the owner to pay for any materials required to complete the project. Griffiths alleges she chose this style of agreement to specifically avoid short cuts in the construction of the subject residence (*Id.*). The alleged existence of a T&M agreement can potentially lead to an inference that there was a mutual understanding on what was to be built and an hourly rate to be paid by Griffiths. However, Griffiths does not provide any

information as to the material elements of this agreement, and this Court can only entertain reasonable inferences. Without any evidence as to what was agreed to, there is not enough to show that there was a meeting of the minds, and this Court will not liberally speculate as to the alleged agreement.

This Court recognizes that Griffiths is a *pro se* plaintiff and as such certain liberties can be taken when reviewing the complaint in light of a Rule 12(b)(6) motion. *See Buechel*, 746 F.3d at 760. It is for this reason that this Court is open to allowing plaintiff leave to amend the complaint to include any facts or documents that could show a meeting of the minds as to what was contracted to be built, how it was to be built, and the timeframe to complete construction. In the alternative, Griffiths should consider any alternative theories of liability.

Griffiths mentions quite a few issues that arose from the electrical and plumbing work (Doc. 10, ¶¶ 22-29). There is nothing in the first amended complaint that shows there was any agreement that the plumbing and electrical had to be completed in a certain way or to a certain standard. The complaint does not even allege what plumbing or electrical was to be included in the building or what building codes were violated by the work done by the Eggemeyers.

Based on the factors above, this Court finds that Griffiths' complaint fails to show that there was a meeting of the minds. With no meeting of the minds, there is no enforceable oral agreement, and there can be no breach of contract claim. *See Toll Processing Services*, 880 F.3d at 829.

### ii. Statute of Frauds

Although it has not been raised, this Court notes a potential Statute of Frauds issue with this transaction. Oral agreements to sell land are generally unenforceable under the Statute of Frauds. *See* RESTATEMENT (SECOND) OF CONTRACTS § 110 (1981); 740 ILCS 80/2. The second sale between Griffiths and the Eggemeyers for the adjacent 1.8 acres was a "package deal" and the agreement required Griffiths to hire Eggemeyer Construction to build the subject residence. (Doc. 10, ¶ 7.) One of the main purposes of the Statute of Frauds is to prevent felonious sales of land. In order to make a transfer of land enforceable, there must be some writing in relation to the sale. The first amended complaint makes no reference to any writing relating to this sale and the fact that it is coupled with an oral agreement to build the "subject residence" suggests Griffiths may have great difficulty getting around the Statute of Frauds. In an amended complaint Griffiths should take steps to allege if this sale falls in or out of the Statute of Frauds.

## II. Count IV - Property Damage

Count IV of the first amended complaint alleges property damage resulting from the damming of a creek upstream of Griffiths' property (Doc. 10).

### A. Introduction

The Eggemeyers also move to dismiss this count for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 15). In her response to this motion, Griffiths has laid out her theories of recovery and asked for leave to amend her complaint. (Doc. 31.)

### B. Discussion

In lieu of doing a deep dive into the applicable law and theories of recovery, this Court has determined it to be most efficient to grant the motion to dismiss on count IV, without prejudice, and to allow Griffiths leave to amend her complaint to include the applicable statutory law and theories of recovery.

### CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Motion to Dismiss without prejudice. The Court further **GRANTS** Terri Griffiths leave to amend her complaint within 30 days, or by August 8, 2022. Defendants Lorin and Sandra Eggemeyer shall then have 21 days to file an answer or responsive pleading.

**IT IS SO ORDERED.**

**DATED:** July 7, 2022

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**