IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRI GRIFFITHS,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**LORIN EGGEMEYER, et al.,**<br><br>        **Defendants.** | Case No. 3:21-CV-01747-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion for Reconsideration (Doc. 85) filed by pro se Plaintiff Terri Griffiths.[1] Having been fully informed of the issues presented, this Court **DENIES** Griffiths' Motion for Reconsideration.

The instant matter arises from the purchase of approximately 19.2 acres of property by Griffiths from Lorin and Sandra Eggemeyer. (*See* Doc. 1, ¶ 6). Ms. Griffiths initially filed her Complaint on December 23, 2021 alleging four claims against the Eggemeyers: breach of contract (Count I); breach of warranty of good workmanship (Count II); "Accounting" (Count III); and property damage (Count IV). (*See id.* ¶¶ 36–64). This Court granted Griffiths leave to file a First Amended Complaint, which was then filed on March 3, 2022. (Doc. 10). The Eggemeyers filed a Motion to Dismiss, an Answer, and a Third-Party Complaint against Windy Hill

---

[1] While Griffiths appears pro se as she is not a licensed member of the Illinois Bar, she is an attorney registered to practice in the U.S. Virgin Islands.

Plumbing and Pipefitting, Inc., Kevin Thies, and Michelle Thies on March 25, 2022. (*See* Docs. 15, 16). This Court granted the Motion to Dismiss on July 7, 2022. (Doc. 32). A Second Amended Complaint was filed July 28, 2022. (Doc. 36). Another Motion to Dismiss Counts I, II, and IV and an Answer were filed on August 19, 2022. (Docs. 43, 44). This Court granted the Motion to Dismiss in part and denied it in part on December 27, 2022, dismissing Count I of the Second Amended Complaint with prejudice and directing the Defendants to respond to Counts II and IV. (Doc. 53). The Court also granted leave for another Third-Party Complaint to be filed. (*See* Docs. 57, 58). A Motion to Dismiss this Third-Party Complaint was then filed on April 5, 2023 with a Memorandum in Opposition filed on May 1, 2023. (*See* Docs. 67, 68). An Amended Third-Party Complaint, a Motion to Dismiss, and a Response were all filed in September. (*See* Docs. 70, 72, 74).

The Court held a telephone status conference on October 4, 2023. Griffiths did not join that conference. (*See* Doc. 75). The Court converted the Final Pretrial Conference scheduled on October 23, 2023 into a Hearing on All Pending Motions. (*See* Doc. 71). The Eggemeyers then filed a Motion to Compel and a Motion to Dismiss for Lack of Prosecution on October 17, 2023. (*See* Docs. 77, 78). Griffiths did not attend the hearing and the Court granted the Motion to Dismiss the Amended Third-Party Complaint (Doc. 72), and the Motion to Dismiss for Lack of Prosecution (Doc. 78). (*See* Doc. 80). The Court denied the Motion to Compel as moot. (*See id.*).

Griffiths filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) on November 7, 2023. (Doc. 85). In this Motion, Griffiths stated that she was trampled by a Clydesdale horse in June and knocked unconscious and that

she "spent the summer bed-ridden." (*Id.*, p. 2). She stated that, "[a]s per the doctor, for every week a person spends immobile, it requires a month to regain physical strength (8 months). I spent weeks after on walker, two canes and one cane." The Court ordered Griffiths to provide additional documentation as related to her Motion on November 8, 2023. (*See* Doc. 86). Griffiths filed supporting documentation on November 16, 2023 including images of her injuries and declarations from Gabe Ruehling, a therapeutic farrier present when the injury occurred in June; Edgar Phillips, a legal client of Griffiths in the U.S. Virgin Islands; and Debra Hanson, the wife of the pastor at the church Griffiths attends in the U.S. Virgin Islands. (*See* Doc. 87). The Court ordered Griffiths to provide medical documentation of her injuries by November 28, 2023. (Doc. 88). Instead, Griffiths appealed to the Seventh Circuit on November 22, 2023. (*See* Docs. 89, 90). The Seventh Circuit has indicated that briefing will remain suspended in the appeal until this Court assesses the Motion for Reconsideration. *See Griffiths v. Eggemeyer*, No. 23-3253 (7th Cir.) (Doc. 12).

Griffiths subsequently filed a Supporting Response on December 26, 2023.[2] (*See* Doc. 94). In this response, Griffiths claims that she did not seek medical treatment for her injuries because she was afraid "they will kill [her]." (Doc. 94, p. 3). She states that "the absence of medical records does not mean the undersigned is embellishing in any way." (*Id.*). She then provides anecdotes which she claims evince the substandard medical care available in Southern Illinois, including incidents related to her own medical care and care of friends and family. (*See id.*, pp. 3–5).

---

[2] It should be noted that Griffiths claimed that she filed this document on December 22 in a status report with the Seventh Circuit. *See Griffiths v. Eggemeyer*, No. 23-3253 (7th Cir.) (Doc. 14).

Federal Rule of Civil Procedure 60(b) states that a party may seek relief from a judgment one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Griffiths argues that reasons (1) and (6) are applicable here, citing a case from this Court, *Price v. Annett*, 2023 WL 7387261 (S.D. Ill. Oct. 20, 2023). (*See* Doc. 85, p. 3).

The Seventh Circuit has stated that "[r]elief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). In *Price*, this Court stated that:

> Whether a failure is 'excusable' under Rule 60(b)(1) depends on 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

2023 WL 7387261 at *3–4 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In *Price*, the incarcerated pro se plaintiff claimed that he failed to respond to the Court's orders and deadline because he was "locked away going to jail after jail." *Id.* at *4. The Court determined that Price's motion was "vague and overly generalized." *Id.* Moreover, "[w]hile it may be difficult to keep up with court proceedings when being transferred to different correctional facilities, [Price] does not provide the Court with any dates concerning his movements, specifics on his

whereabouts . . . ." *Id.* Ultimately, the Court held that there were "not any exceptional circumstances justifying the relief Plaintiff seeks." *Id.*

Notably, in July 2022, this case was set for trial in November 2023. (*See* Doc. 34). This Court entered a Scheduling Order in August 2022. (*See* Doc. 41). As of October 23, 2023 (the original date of the Final Pretrial Conference), not a single deposition had been taken in this case. The Eggemeyers provided voluminous email records of messages between counsel and Griffiths showing the various attempts that had been made to schedule depositions and conduct discovery. (*See* Docs. 77, 78). Indeed, in response to her delayed communication, Griffiths has stated that she had Covid (Doc. 77, Ex. F); that her email had been hacked (*id.*, Ex. G); that internet and power outages are common in the U.S. Virgin Islands (*id.*); that she did not have an adequate internet connection at her farm after her injury (Doc. 85, p. 2); that the email she provided the court was not her primary email (even though it was the one she had used previously) (*id.*, p. 3); that she has needed to care for family members (*id.*); that the mail system is slow (Doc. 94, p. 2); and that she did not have electronic filing access (*id.*). Based on the information before the Court, Griffiths has made a variety of excuses for her failure to timely respond, schedule discovery, and prosecute her case, both before her accident and after it.

Moreover, her filings contain material that is just plain odd, including non-timestamped images of bruises on her legs (Doc. 87, pp. 3–5), declarations from individuals in the Virgin Islands who were not involved in her accident (*id.*, Exs. 2, 3), and a complete lack of medical records of her injuries, even though she does state that "[a]s per the doctor, for every week a person spends immobile, it requires a month

to regain physical strength" (Doc. 85, p. 2). Additionally, Griffiths has not provided any concrete timeline for her injuries or recovery, including specific dates or any kind of medical prognosis; she and the provided declarations only reference her accident being in June. (*See* Doc. 85, p. 2; Doc. 87, Ex. 1). It is unclear why an injury in June would result in Griffiths not responding to correspondence in October of the same year, especially without a medical diagnosis or prognosis.

Looking to the factors from *Pioneer Investment Services*, the Court finds a significant danger of prejudice to the Defendants and Third-Party Plaintiffs as both parties have worked diligently to bring this case to a resolution prior to the dismissal of this case. As this case was planned for trial in November 2023 and discovery has not been conducted in any substantial form, the Court also finds that the delay to judicial proceedings would be extreme if Griffiths were permitted to continue to engage in the method via which she has prosecuted this case. The Court has the utmost empathy for Ms. Griffiths and for all she has experienced. However, as Griffiths is a member of the bar, her performance and responsiveness do not rise to the level required in this Court. This case was filed over two years ago and very little has been done in that time. While Ms. Griffiths clearly has a variety of responsibilities, her cumulative lack of responsiveness and evasiveness are dispositive here; put another way, the Court considers the entire history of this case, not just her failure to respond to the status conference and hearing at issue. Since she has been aware of her injuries since June and has made no effort of any kind to inform the Court of the issue until after her case was dismissed in late October, the Court finds that the instant motion was not brought in good faith. Thus, the Court

finds that, like in *Price*, Griffiths has not alleged exceptional circumstances sufficient to justify reopening her case.

Because reconsideration is an "extraordinary remedy" and because Griffiths has had myriad opportunities to prosecute her case, the Court declines to reopen proceedings. Therefore, for the reasons set forth above, Ms. Griffiths' Motion for Reconsideration (Doc. 85) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 3, 2024**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**